STATE EX REL. DUVAL SELPH, VS. ENOCH J. VANN, JUDGE OF THE CIRCUIT COURT.

1. The provisions of the acts relating to appeals from judgments of Justices of the Peace, so far as they provide for a trial *de novo* in the Circuit Court, are in conflict with the Eighth Section of Article 8, of the Constitution, and void.

2. The jurisdiction of the Circuit Court in such cases is appellate only.

3. A trial *de novo*, or new trial, is the exercise of original jurisdiction; and in cases at law, where the amount in controversy does not exceed one hundred dollars, the Circuit Courts have no such jurisdiction.

4. An appeal from the judgment of a Justice of the Peace has only the effect of a common law writ of error.

The order of the Supreme Court upon the suggestion being filed was as follows:

On reading and filing the suggestion, by petition, of Duval Selph, duly verified, averring that in a certain cause pending in the Circuit Court in and for the county of Columbia, in the Third Judicial Circuit of our State, wherein Duval Selph is plaintiff and W. M. Ives, Sr., is defendant, the same being an action of replevin commenced in a court of a Justice of the Peace of said county, wherein the said Justice had rendered a judgment in favor of the said Duval Selph and against said W. M. Ives, Sr., and the said W. M. Ives had appealed from the said judgment to the said Circuit Court, and that the Hon. E. J. Vann, Judge of said Circuit Court, has determined and intends, contrary to

the provisions of the Constitution, to try the said cause upon said appeal *de novo*, as a case of original jurisdiction in that court, and refuses to try and determine the same as a court of appellate jurisdiction only, upon the record and proceedings had in the Justice's court, and the said Duval Selph prays that a writ of prohibition may be granted, commanding the said Judge to desist from proceeding in the said cause by a trial thereof *de novo* as aforesaid: It is thereupon ordered that the said E. J. Vann, Circuit Judge, and the said W. M. Ives, appellant, as aforesaid, and the said Duval Selph, plaintiff, do show cause before this court, at the Capitol, in Tallahassee, on the fifth day of July, A. D. 1882, at the opening of the court, why the said writ of prohibition prayed shall not be granted.

The other facts are sufficiently stated in the opinion.

*C. R. King* for Relator.

THE CHIEF-JUSTICE delivered the opinion of the court.

The suggestion of Duval Selph gives this court to understand that in a certain action of replevin commenced by him against W. M. Ives, before a Justice of the Peace, in the county of Columbia, he recovered a judgment, from which an appeal was taken to the Circuit Court. That the cause coming on to be heard the said Duval Selph moved to dismiss the appeal on the ground that no petition of appeal had been filed, nor citation issued, as required by law and the rules of the court, and because the Circuit Court has no jurisdiction to try the cause, except by the exercise of appellate jurisdiction, upon the record, and not *de novo*.

The Judge overruled the motion, and decided that he would try the cause *de novo*, and continued the cause for that purpose.

Relator prays that a writ of prohibition may be issued,

directed to said Judge, commanding. him to desist from further proceeding in said cause by a trial *de novo.*

The respondent answers that the laws confer upon the Circuit Courts the power to try causes appealed from Justices' courts *de novo* upon issues of fact by a jury. This is substantially a demurrer to the suggestion.

The questions presented are decided in the case of The State *ex rel.* Wallace against Judge Baker at the present term.

The cause should be heard by the court on the appeal as upon a common law writ of error, if the appeal is regularly perfected.

The writ of prohibition is granted commanding the respondent to desist from further proceedings in said cause by trial *de novo ;* and, inasmuch as the case is one involving public interest, and the respondent is a judicial officer of the State, the costs herein will be taxed against the State.